IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHAVONTE PETTY, et al.          :

                                     :

   v.                           :   Civil Action No. DKC 13-1654

                                     :

DR. WILLIAM HITE, et al.        :

                                     :

**MEMORANDUM OPINION**

Presently pending and ready for review in this employment discrimination case are two motions. Defendants Dr. William Hite and the Board of Education of Prince George's County filed a motion to dismiss or, in the alternative, for summary judgment. (ECF No. 7). Defendant Maryland State Board of Education filed a motion to dismiss. (ECF No. 11). Plaintiffs Shavonte Petty and Theresa Petty did not respond to these motions. The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendants' motions will be granted.

**I. Background**

The following facts are either set forth in the complaint, evidenced by documents referenced or relied upon in the

complaint, or are matters of public record of which the court may take judicial notice.[1]

Plaintiff Shavonte Petty was a student at Oxon Hill High School in Prince George's County, Maryland ("High School"). Her mother is Plaintiff Theresa Petty. Shavonte suffers from allergies and asthma of such severity that the High School considered them to be disabilities. Section 504 of the Rehabilitation Act prohibits public schools from discriminating against students with disabilities by denying them the benefits offered by public school programs. 29 U.S.C. § 794(a). Consequently, Theresa worked with administrators of the High School to craft a "504 Plan" by granting modifications or adjustments of the High School's educational programs in order to accommodate Shavonte's disabilities. Shavonte's 504 Plan was adopted in the week of August 17, 2009, immediately prior to the start of the 11th grade school year. The 504 Plan provided for

---

[1] "Although as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage," the court may consider such evidence where the plaintiff has notice of it, does not dispute its authenticity, and relies on it in framing the complaint. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2002); *see also Douglass v. NTI-TSS, Inc.*, 632 F.Supp.2d 486, 490 n.1 (D.Md. 2009). Here, Defendants have attached documents pertaining to a hearing before the State Board of Education concerning Plaintiffs. These documents are referenced or relied upon by the complaint. Plaintiffs have not filed oppositions and thus, do not challenge the authenticity of the documents. Therefore, the court may consider them in resolving the pending motions to dismiss.

additional tutoring; additional time to complete assignments; and home and hospital instruction as needed.

Theresa engaged High School administrators throughout the 504 Plan's implementation. She requested qualified home and hospital instructors for Shavonte's advanced classes. The High School told her that such instructors were not available but Shavonte could take online classes.

Shavonte was often absent from school, presumably due to her illnesses. As a result, she was unable to meet modified deadlines for her assignments, even after the High School pushed them further back. Consequently, she was given failing grades in some subjects.

In January 2011, Theresa petitioned Dr. Hite, the then-Superintendent of the Prince George's County Public Schools, concerning the 504 Plan. Dr. Hite found that the High School had appropriately accommodated Shavonte. Theresa appealed that decision to the Prince George's County School Board. The Board rejected Theresa's appeal on February 14, 2011, finding that the High School had provided adequate accommodations and had worked with Theresa throughout the process in crafting a 504 Plan. Finally, Theresa appealed up to the Maryland State Board of Education. On May 25, 2011, the State Board reversed the County Board, finding the 504 Plan flawed and lacking in timely accommodations. The State Board found that the High School's

accommodations were based more on what was available as opposed to the needs of Shavonte. Furthermore, the High School repeatedly responded to Shavonte's absence by pushing back her assignment deadlines, which only led to Shavonte missing a later deadline. The State Board found that the High School should have realized much sooner that merely extending deadlines was not effective and a different approach was necessary. The State Board did not, however, mandate that Shavonte be allowed to graduate without completing her outstanding requirements.[2] Additionally, the State Board dismissed Plaintiffs' allegations of harassment and their request that Shavonte's grades be changed, finding that those claims were either not raised in earlier proceedings or were not presented with the necessary specificity. (ECF No. 7-13).

On June 7, 2013, Plaintiffs filed a *pro se* complaint in this court. (ECF No. 1). While not clear, Plaintiffs appear to be making a claim that Defendants violated the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, alleging that the principal and teachers of the High School falsified Shavonte's grades; the High School's administration lost her school file; and her teachers gave Shavonte her work late. Plaintiffs seek damages in the amount of four years college fees; correction of

---

[2] Defendants recite that Shavonte eventually completed the requirements for graduation and received her diploma.

4

Shavonte's grades and record; and a written apology. Plaintiffs' motion for leave to proceed *in forma pauperis* was granted on June 25, 2013. (ECF No. 3).

On August 5, 2013, Defendants Dr. William Hite and the Board of Education for Prince George's County filed a motion to dismiss or, in the alternative, for summary judgment. (ECF No. 7). On August 7, 2013, Defendant Maryland State Board of Education filed a motion to dismiss. (ECF No. 11). In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the clerk of court mailed a letter to Plaintiffs on the day after each of these motions were filed, notifying them that a dispositive motion had been filed and that they were entitled to file opposition material or risk entry of judgment against them. (ECF Nos. 9 and 12). On August 27, 2013, Plaintiffs filed a motion for extension of time to file their responses. Plaintiffs stated that they were in the process of trying to obtain counsel. (ECF No. 13). On the same day, the court granted Plaintiffs' motion, setting their deadline at September 27, 2013. (ECF No. 14). On the day of this new deadline, Plaintiffs filed a second motion for an extension of time to continue to search for an attorney. (ECF No. 18). The court granted this motion, extending Plaintiffs' deadline to October 28, 2013. (ECF No. 19). Plaintiffs have not filed anything since then. Consequently, Defendants' motions stand unopposed.

## II. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S.

at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. Analysis

Plaintiffs appear to bring a claim for a violation of Section 504 of the Rehabilitation Act for allegedly failing to accommodate Shavonte's disabilities. Section 504 states that "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). A viable cause of action contains three elements:

> Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, § 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, or be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). In general, a plaintiff seeking recovery for violation of either statute must allege that (1) she has a disability, (2) she is otherwise qualified to receive the benefits of a public service, program, or activity,

7

>     and (3) she was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability. *Baird v. Rose*, 192 F.3d 462, 467-70 (4th Cir. 1999); *Doe v. University of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264-65 & n. 9 (4th Cir. 1995).

*Constantine v. Rectors and Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005). Furthermore, "to establish a violation of section 504," the plaintiffs "must prove that they have been discriminated against – that they were 'excluded from the . . . benefit *due to discrimination* solely on the basis of the disability." *Sellers v. Sch. Bd. of City of Manassas*, 141 F.3d 524, 528 (4th Cir. 1998) (*quoting Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1265 (4th Cir. 1995) (emphasis in *Sellers*). Moreover, "either bad faith or gross misjudgment should be shown before a § 504 violation can be made out, at least in the context of education of [disabled] children." *Id.* at 529.

Defendant Maryland State Board of Education is not alleged to have discriminated against Plaintiffs at all. If anything, the State Board held the High School to account by deeming Shavonte's 504 Plan inadequate. It is not necessary to address the State Board's other arguments. The allegations against Dr. Hite and the County Board are similarly deficient. Plaintiffs' one-page complaint is devoid of any facts sufficient to allege

8

that Shavonte was denied the benefits of a public program or activity due to discrimination on the basis of her disability. Disagreements about the sufficiency of accommodations, without more, are not sufficient. *See Sellers*, 141 F.3d at 528-29. Plaintiffs' brief and conclusory allegations do not state a claim.

**IV. Conclusion**

For the foregoing reasons, Defendants' motions to dismiss will be granted. A separate order will follow.

                                                                       /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge